Nicholson, C. J.,
delivered the opinion of the Court.
Barker sued the Insurance Company for $2,500, the amount insured by the company on a stock of goods. The company resisted a recovery upon two grounds:
First, because the fire which destroyed the goods originated in the negligence or fraud of Barker. This *504 question was settled by jury in' favor of Barker, and the evidence is sufficient to support their finding.
Second, because the Circuit Judge erred in his construction of the contract of insurance. It is provided in the policy, that it shall be void “if the interest of the insured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured, and this be not represented to the company.”
It appears that previously to the issuance of the policy, Barker had purchased the goods of one Cron-stine, and paid a portion of the price, giving- his note for the residue. Cronstine conveyed the goods to Barker, retaining a lien in the bill of sale to secure the balance of the purchase money, which was duly registered. Upon this state of the case, the Circuit Judge (Baxter) said to the jury:
“I am of opinion that the legal title to the goods was vested in the plaintiff by the bill of sale and delivery of possession to him, and the lien reserved in no wise affected the interest of the plaintiff in the goods. It only affected the rights of his creditors. As to them it gives one a priority of satisfaction out of the property over the others, when but for the lien they would stand upon equal footing, but that will not change the interest which the plaintiff has in it. The interest of plaintiff is entire, because there is no separate interest carved out of it. The interest is unconditional, because it does not depend upon any conditions. It is sole, because the bill of sale is to the plaintiff alone. I therefore say to you,, the *505 failure of the plaintiff to represent the lien to the defendant, and have it inserted in the policy, was no violation of said clause and does not vitiate it.”
The Circuit Judge further said: “It is also argued for defendant, that if the failure to represent it to the company was not a breach of said clause, it was upon general principles a fraud upon the company to .concede it. That depends upon whether the fact was material to the risk. Our Supreme Court has held in two cases, that a formal mortgage is not material to the risk taken by an insurance company, and that if its existence is not disclosed to the insurer, it is no fraud, and does not vitiate the policy. If a regular mortgage on property would not be material, then a lien reserved as this is, would not be.”
Upon this charge the jury found for the plaintiff below. We are of .opinion that the construction of the contract by the Circuit Judge is' correct, and that his charge on the question of fraud is fully sustained by the case of Catron v. The Tennessee Insurance Co. 6 Hum., 176, and Delahay v. Memphis Insurance Co. 8 Hum., 684.
The judgment is affirmed.